UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KEN PARAISON,  :

                Petitioner,  :   **REPORT AND**
                                                     **RECOMMENDATION**
  -against-  :   **TO THE HONORABLE**
                                                       **RICHARD M. BERMAN**

ERIC HOLDER, JR., ATTORNEY  :
GENERAL, et al.,    09 Civ. 10283 (RMB)(FM)

           :

                Respondents.
------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        Pro se petitioner Ken Paraison ("Paraison") brought this habeas proceeding to challenge the constitutionality of his detention pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1226. In his petition, Paraison sought to have the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), release him from custody on the ground that twelve months of detention while awaiting removal violated his due process rights. (Pet. 2, 20). Thereafter, on December 9, 2009, pursuant to a Warrant of Removal/Deportation, Paraison was removed from the United States. (See Ex. A to the annexed letter of Sue Chen, Special Ass't U.S. Att'y, dated March 22, 2010).

        Because Paraison is no longer in ICE custody, his petition challenging the constitutionality of that detention has been rendered moot. See, e.g., Leung v. Dep't of Homeland Security, I.C.E., No. 09 Civ. 2528 (BSJ), 2009 WL 2956829, at *1 (S.D.N.Y.

Sept. 15, 2009); Williams v. I.N.S., No. 02 Civ. 3814 (GBD)(GWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005). I therefore recommend that the Court grant the Respondents' letter application and that the petition be dismissed. In the letter seeking this relief, Ms. Chen notes that she has not served a copy of her letter on Paraison "because ICE does not maintain foreign addresses for aliens whom it has removed." (Letter at 2). Nevertheless, out of an excess of caution, I have sent a copy of this Report and Recommendation to the last address that Paraison furnished to the Court.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within fourteen days from today, make them in writing, file them with the clerk of the Court, and send copies to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Berman. The failure to file timely objections will result in a waiver of those



objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

DATED: March 23, 2010
New York, New York

FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. Richard M. Berman
United States District Judge

Sue Chen, Esq.
Special Assistant United States Attorney
Fax: (212) 637-2786

Ken Paraison
041-581-677
27991 Buena Vista Blvd.
Los Fresnos, TX 78566

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street
New York, New York 10007

March 22, 2010

BY HAND
Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RECEIVED
MAR 22 2010
FRANK MAAS
U.S. MAGISTRATE JUDGE

     Re:    Paraison v. Holder, et al.
              09 Civ. 10283 (RMB) (FM)

Dear Judge Maas:

      The Government respectfully submits this letter to request that the Court dismiss as moot the above-referenced habeas petition filed by pro se petitioner Ken Paraison ("Paraison"), in which Paraison sought a writ of habeas corpus ordering his release from the custody of U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE").

      In an order filed on February 8, 2010, the Court directed that the Government file a response to Paraison's petition on or before March 22, 2010. I write now to advise the Court that Paraison was removed from the United States on December 9, 2009. Attached is a copy of the executed Warrant of Removal/Deportation, indicating that ICE removed Paraison from the United States on December 9, 2009, from Alexandria International Airport in Louisiana.

      Because Paraison has now been removed, his habeas petition challenging his detention by ICE has been rendered moot. See Petition's Prayer for Relief. Federal courts may decide only "live" cases or controversies. See, e.g., Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964); Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quotations omitted). Here, ICE effectuated Paraison's removal from the United States on December 9, 2009. By virtue of his removal, Paraison has been released from his detention by ICE. Thus, there is no "effectual relief," County of County of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000), that this Court can now provide to petitioner, and the petition seeking release from immigration detention should be denied as moot, see, e.g., Ferry v. Gonzales, 457

F.3d 1117 (10th Cir. 2006) (dismissing as moot petitioner's challenge to her immigration detention because she had already been deported and was, therefore, no longer in custody); Soliman v. United States, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (because alien had been removed from the United States, alien's appeal seeking release from detention pending his removal was moot); Leung v. Department of Homeland Sec., I.C.E. No. 09 Civ. 2528 (BSJ), 2009 WL 2956829, at *1 (S.D.N.Y. Sept. 15, 2009) (dismissing as moot petition challenging lawfulness of petitioner's immigration detention because ICE had already removed petitioner to China); Singh v. Mule, No. 07-CV-6387 (CJS)(VEB), 2009 WL 204618, at *9 (W.D.N.Y. Jan. 27, 2009) (because petitioner had been removed, his petition seeking release from immigration detention was rendered moot); Williams v. I.N.S., No. 02 Civ. 3814 (GBD)(GWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (same); So v. Reno, 251 F. Supp. 2d 1112, 1130 (E.D.N.Y. 2003) (because petitioner had been deported, his challenge to the lawfulness of the length of his detention by INS was moot).

    For the foregoing reasons, Paraison's habeas petition seeking release from immigration detention should be dismissed as moot. We respectfully request that the Court direct this letter to be docketed so that it is made part of the permanent record of this case. We thank the Court for its consideration of this matter.[1]

    Respectfully,

    PREET BHARARA
    United States Attorney

    By: _/s/ Sue Chen_
    SUE CHEN
    Special Assistant United States Attorney
    Telephone: (212) 637-2790
    Fax: (212) 637-2786
    E-mail: Sue.Chen@usdoj.gov

Enclosures

---

[1] Service of this letter cannot be made on Paraison because ICE does not maintain foreign addresses for aliens whom it has removed.

...of Immigration and Customs Enforcement
Case 1:09-cv-10283-RMB-FM   Document 5   Filed 03/03/10   Page 6 of 7
Warrant of Removal/Deportation

File No: **A41 581 677**

Date: **08/18/2009**

To any officer of the United States Immigration and Customs Enforcement:

| **PARAISON, Ken** |
|---|
| ( Full name of alien ) |

who entered the United States at **New York City, NY** on **01/01/1988**
                           ( Place of entry )                           ( Date of entry )

is subject to removal/deportation from the United States, based upon a final order by:

[X] an immigration judge in exclusion, deportation, or removal proceedings

[ ] a district director or a district director's designated official

[ ] the Board of Immigration Appeals

[ ] a United States or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

**Section: 237(a)(2)(A)(ii) of the Immigration and Nationality Act.**

I, the undersigned officer of the United States by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of: the Appropriation: "Salaries & Expenses, Immigration and Customs Enforcement, 2009 including the expenses of an attendant, if necessary

_(signature)_
( Signature of ICE official )

**MICHAEL J. PITTS, Field Office Director, Detention & Removal**
( Title of ICE official )

**08/18/2009, San Antonio Field Office**
( Date and office location )

Form I-205(Rev. 4-1-97)N

To be completed by Service officer executing the Warrant:
Name of alien being removed

**PARAISON, Ken**

Port, date, and manner of removal: _AEX  12/9/07  PTE  c: 17c_

Photograph of alien
removed

Right index fingerprint
of alien removed

_Ken Paraison_
( Signature of alien being fingerprinted )

( Signature and title of INS official taking print )

Departure witnessed by: _____

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here [ ]

Departure Verified by: _____
( Signature and title of INS official )

Form I-205 (Rev 4-1-97)N